IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



DOROTHY NEWMAN,

        Plaintiff

v.                                          CIVIL NO. 3:07CV369

EQUIFAX INFORMATION SERVICES, LLC.

    SERVE: Corporation Service Company, Registered Agent
          11 S. 12th Street
          Richmond, VA 23218

and

TRANS UNION, LLC.

    SERVE: Corporation Service Company, Registered Agent
          11 S. 12th Street
          Richmond, VA 23218

and

CHASE BANK USA

    SERVE: Secretary of Commonwealth
          1111 East Broad Street, 4th Floor
          Richmond, VA 23219

        Defendants

## COMPLAINT

COMES NOW the Plaintiff, DOROTHY NEWMAN, (hereafter collectively the "Plaintiff") by counsel, and for her complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act) and for the common law tort of defamation.

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1367.

3. The Plaintiff is a natural person and resident of the State of Virginia. She is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, TRANS UNION, LLC.. ("Trans Union") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

5. Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC. ("Equifax") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

8. Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, CHASE BANK USA ("CHASE") is a banking institution transacting business as a credit lender.

11. On or about June 21, 2005, the Plaintiff wrote to Equifax and Trans Union and disputed inaccurate information concerning an account with Chase Bank USA, formerly known as Bank One/First USA Bank. She advised the Defendants that she was not the person that conducted certain transactions regarding the accounts and in addition, advised that the perpetrator that conducted the transactions had been prosecuted for credit card fraud. Plaintiff also provided the Defendants with additional documents with which Defendants could verify the information supplied by the Plaintiff, including signature exemplaries and a copy of the criminal file regarding same.

12. On August 21, 2005 Equifax responded to Plaintiff's June 21, 2005 dispute by acknowledging notice of same and by stating that Bank One/First USA Bank was not currently reporting on Plaintiff's credit file.

13. On August 18, 2005 Trans Union responded to Plaintiff's June 21, 2005 dispute by acknowledging notice of same and by stating that its records did not show that the information disputed was currently reporting on Plaintiff's credit file.

14. On September 12, 2005 Plaintiff again wrote to Equifax and Experian and amended her dispute to show that the account which was being disputed was currently reporting as Chase Bank USA and that it was the same account as previously disputed as Bank One/First USA Bank.

15. On October 24, 2005, Trans Union responded to Plaintiff's second dispute dated September 12, 2005 by acknowledging notice of same and by stating that Trans Union had confirmed that the Chase Bank was verified and no change.

16. On November 11, 2005, Equifax responded to Plaintiff's second dispute dated

September 12, 2005 by acknowledging notice of same and by stating that Equifax had confirmed that the Chase Bank account was verified as belonging to the Plaintiff.

17. On or after November 11, 2005, Defendants each issued and produced multiple copies of the Plaintiff's consumer reports which contained the inaccurate information.

10. On multiple occasions prior to two years before the filing of this action, the Plaintiff disputed these inaccuracies to both Defendants. They had actual knowledge of same.

18. Upon information and belief, Plaintiff alleges that on one or more occasions after September 12, 2004, Trans Union and Equifax forwarded Plaintiff's disputes to Chase. Upon information and belief, Chase was provided notice of Plaintiff's disputes and despite this notice, it failed and refused to investigate and correct its inaccurate reporting.

19. In the alternative to the allegation that Trans Union and Equifax failed to contact Chase, it is alleged that Trans Union and Equifax did forward some notice of the dispute to Chase and Chase failed to reasonably or lawfully investigate Plaintiff's disputes or to accurately report the results of such "investigations."

20. Defendants had actual knowledge of this inaccuracy and deliberately chose to ignore and permit same.

21. After November 11, 2004, Trans Union and Equifax prepared and published to third parties multiple inaccurate consumer reports about Plaintiff which contained the inaccurate derogatory account of Chase.

22. Upon the Plaintiff's requests for verification and correction, and in accordance with its standard procedures, Trans Union and Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Chase representation.

## FIRST CLAIM FOR RELIEF AGAINST TRANS UNION AND EQUIFAX

23. The Plaintiff realleges and incorporates paragraphs 1 through 22 above as if fully set out herein.

24. Defendants each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintains concerning the Plaintiff.

25. As a result of the conduct, actions and inactions of each of the Defendants the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

26. Defendants' conduct, actions and inactions were willful, rendering each of the Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, the Defendants were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

27. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from each of the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## SECOND CLAIM FOR RELIEF AGAINST TRANS UNION AND EQUIFAX

28. Plaintiff realleges and incorporates paragraphs 1 through 27 above as if fully set out herein.

29. Defendants violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and

by failing to follow reasonable procedures to prevent the reinsertion of inaccurate information.

30. As a result of the conduct, actions and inactions of each of the Defendants the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

31. The Defendants conduct, actions and inactions were willful, rendering each of the Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

32. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from each of the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## FIRST CLAIM FOR RELIEF AGAINST CHASE BANK USA

33. Plaintiff realleges and incorporates paragraphs 1 through 32 above as if fully set out herein.

34. Chase published the Chase representations to Trans Union and Equifax and through Trans Union and Equifax to all of Plaintiff's potential lenders on multiple occasions within the last twelve months (the "Defamations").

35. The Defamations were willful. Chase had substantial evidence by which to have verified that the Plaintiff was not responsible for the charges incurred on the Plaintiff's account.

36. As a result of this conduct, actions and inactions of Chase Plaintiff suffered nominal and actual damages by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

37. Chase's conduct, actions and inactions were willful, rendering each liable for

punitive damages in an amount to be determined by the Court.

## SECOND CLAIM FOR RELIEF AGAINST CHASE BANK USA

38. Plaintiff realleges and incorporates paragraphs 1 through 37 above as if fully set out herein.

39. On one or more occasions, Chase violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b) by publishing the Chase representations within Plaintiff's credit file with Trans Union and Equifax without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the Chase representations; by failing to review all relevant information regarding same, and by failing to correctly report results of an accurate investigation to each other credit reporting agencies.

40. As a result of this conduct, actions and inactions of Chase the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

41. Chase's conduct, actions and inactions were willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Chase was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

42. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Chase in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

DOROTHY NEWMAN,

By *[signature]*
Of Counsel

LEONARD A. BENNETT, VSB #37523
GARY L. ABBOTT, VSB #68829
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
(Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 facsimile

THOMAS R. BREEDEN, ESQ, VSB #33410
THOMAS R. BREEDEN, P.C.
7900 Sudley Road, Suite 600
Manassas, VA 20109
(703) 361.9277 - Telephone
(703) 257.2259 - Facsimile